**Richard BONOMI, Plaintiff— Appellant,**

v.

**Marsha GADDINI, Defendant— Appellee.**

No. 02–16170.

D.C. No. CV–97–02320–VRW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2003.

Decided April 11, 2003.

Before NOONAN, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM *

Richard Bonomi appeals the district court's grant of summary judgment in favor of the defendant on his First Amendment employment retaliation claim. Bonomi alleges that his supervisor, Marsha Gaddini, engaged in several acts of retaliation against him because of his speech regarding the poor work performance of his predecessor, Agent Roberto Levario. Gaddini was allegedly involved socially with Agent Levario, and Bonomi charges her with retaliating against him out of her loyalty to Levario. The precise nature of their relationship is unclear from the record and is in dispute. The alleged retaliation took the form of counseling letters, promotion denials, and meddling in Bonomi's work. The alleged retaliation is not before us on this appeal.

On May 3, 2002, the district court granted a motion for summary judgment in favor of Gaddini on the issue of whether Bonomi's protected speech was causally related to the alleged retaliatory acts, concluding that the evidence presented was not sufficient to create a triable issue of material fact under any of the three categories of circumstantial evidence delineated by this court in *Keyser v. Sacramento City Unified School District,* 265 F.3d 741, 751–52 (9th Cir.2001). The categories of circumstantial evidence are: 1) proximity in time of the retaliatory acts and the protected speech; 2) additional evidence that the employer expressed opposition to

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the speech; and 3) additional evidence that the employer's actions were false and pretextual.

The court based its decision primarily on the paltry presentation of evidence under the first category of circumstantial evidence, but also included its conclusions about the lack of evidence sufficient to create a triable issue of material fact with regard to the second and third categories. As to the first category, the proximity of the retaliatory acts and the protected speech, the court determined that the great expanse of time separating the two created a presumption that causation was absent, and consequently the court gave less weight to the remainder of Bonomi's proffered circumstantial evidence. In light of this court's recent decision in *Coszalter v. City of Salem*, 320 F.3d 968 (9th Cir. 2003), however, the presumption relied upon by the district court has been replaced with a more concrete analysis of the facts and circumstances surrounding the retaliatory acts and the protected speech; any bright-line rule of timing has been extinguished. Because it applied the lack of proximity presumption, the district court did not give sufficient weight to Bonomi's other proffered circumstantial evidence.

Additionally, Bonomi presented evidence of pretext sufficient to defeat summary judgment under the third category of circumstantial evidence delineated by this court in *Keyser*. The record shows, despite Gaddini's argument to the contrary, that she was directly involved in several of the allegedly retaliatory acts. *See Gilbrook v. Westminster*, 177 F.3d 839, 854 (9th Cir.1999). For example, while Gaddini disclaims any further involvement aside from administrative concurrence in the disciplinary memos of August, 1996, and October, 1997, Bonomi's direct supervisor, Antonio Raya, stated in his declaration that she actually ordered the August memorandum and made substantial edits to the October memorandum. In conjunction with the evidence of a close relationship between Gaddini and Levario, whatever its actual character, there is enough evidence of pretext to create a triable issue of material fact sufficient to defeat summary judgment. *Keyser*, 265 F.3d at 753, note 5.

Taken in light of Bonomi's other proffered circumstantial evidence, he has raised a triable issue of material fact with regard to whether the protected speech was a substantial or motivating factor in the alleged retaliatory actions. Summary judgment was inappropriate. *Strahan v. Kirkland*, 287 F.3d 821, 825 (9th Cir.2002).

REVERSED and REMANDED.